## Inland Construction Company v. Hartmann.

*Pleading and practice—Insufficient affidavit of defence—Rule for judgment—Building contract—Amended affidavit.*

Rule for judgment for want of sufficient affidavit of defence was made absolute in an action by a contractor to recover a balance due on a building contract, where the affidavit failed to state in what respects the material and workmanship were defective and wherein they did not comply with the specifications and did not show the amount and character of the work done.

Rule for judgment for want of sufficient affidavit of defence. C. P. Allegheny Co., Oct. T., 1924, No. 1005.

Before Macfarlane, Carpenter and Rowand, JJ.

*John A. Metz,* for plaintiffs; *Louis & George Little,* for defendants.

MACFARLANE, J., Jan. 5, 1925.—This is a rule for judgment for want of sufficient affidavit of defence in an action brought by a contractor who furnished labor and materials for the construction of a building under written agreement that it (the corporation) was to receive cost plus a commission of 10 per cent. The statement is that the cost of the building was $11,850.16, and the total with commissions was $13,035.17, on account of which payments have been made, leaving a balance of $1693.97, with interest from Sept. 26, 1923.

The reasons assigned in the rule for judgment are that the affidavit is vague, indefinite and uncertain, consists of conclusions and does not set up a legal defence. The defendant filed an amended affidavit.

Neither the original nor the amended affidavit is sufficient. It states in a general way that there was poor workmanship and material in the roof and that it leaked; that the ceiling cracked; that one wall is out of plumb, and that the floor joists are too short, and that the defendant must spend certain specified amounts to put the building in proper shape. He claims a balance due.

The affidavit fails to state in what respect the material and workmanship were defective and wherein they do not comply with the specifications, and he does not show the amount and character of the work to be done.

Rule absolute.                From William J. Aiken, Pittsburgh, Pa.